# STATE OF MICHIGAN

# COURT OF APPEALS

In re K. S. RHODES, Minor.

UNPUBLISHED
September 20, 2016

No. 331300
Oakland Circuit Court
Family Division
LC No. 2013-813017-NA

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to the minor child, KSR. We affirm.

Respondent argues that the trial court clearly erred in finding that it was in the minor child's best interests to terminate her parental rights. We disagree.

"Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012); MCL 712A.19b(5). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). This Court reviews the court's determination regarding the child's best interests for clear error. *In re Olive/Metts*, 297 Mich App at 40. "In deciding whether termination is in the child's best interests, the court may consider the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *Id.* at 41-42 (internal citations omitted).

The trial court did not err in finding that termination of parental rights was in the minor child's best interests. This case was initiated due to respondent's alcohol abuse. Petitioner alleged that respondent's alcohol use prevented her from being able to properly care for KSR, who just over one year old at the time the case began. At that time, KSR had been diagnosed with fetal alcohol syndrome, was underweight for her age, and was failing to gain weight at an appropriate rate. Petitioner alleged that respondent's alcohol abuse "cause[d] her to have seizures and short term memory loss," and, as a result, respondent had forgotten to feed KSR. As the trial court noted, the main component of respondent's treatment plan at the start of the case was to abstain from alcohol use, yet she could not do so for any significant amount of time throughout the over-two-year period that this case was pending. In fact, respondent showed no signs that she wanted to stop drinking and made no meaningful effort to quit. Respondent

-1-

missed alcohol and drug screens, diluted her screens, and tested positive for alcohol on one occasion. Despite repeated requests to do so, respondent never provided proof that she attended more than two substance abuse counseling sessions. She was once discharged from drug counseling for failing to attend. Respondent even admitted that she had consumed alcohol two days before the best-interests hearing.

Compellingly, at the best-interests hearing, a clinical psychologist who interviewed respondent in September 2015 testified regarding respondent's alcohol abuse. The psychologist stated that respondent did not believe that her alcohol use interfered with her ability to care for KSR. Respondent "indicated that the only times that she was sober for any extended period was when she was actually in inpatient treatment." Respondent told the clinician that she had consumed alcohol immediately after exiting inpatient treatment to "celebrate that she had completed treatment." The psychologist did not believe that a reasonable possibility existed that respondent could refrain from using alcohol within a reasonable time, noting that respondent "didn't express a desire to not use and she hasn't taken any steps to not use."

Unfortunately, respondent was never able to refrain from using alcohol. Indeed, when asked at the best-interests hearing if she believed that further inpatient treatment services would help her stop drinking entirely, respondent responded, "It's a possibility, yes." After over two years, the court could reasonably conclude that "a possibility" of improvement is not a sufficient pledge to warrant further efforts by petitioner.

While the evidence showed that there was a bond between respondent and KSR, that factor alone does not outweigh other factors supporting termination. KSR requires permanency and stability. At the time of the best-interests hearing, the child had been out of respondent's care and custody for nearly two years. KSR had established a bond with her new foster parents, who planned on adopting her. Respondent suggests that petitioner failed to provide proper services to address respondent's alcohol abuse, or that she should be provided additional services. We disagree. While petitioner "has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Petitioner met its responsibility, but respondent did not. Accordingly, respondent's claim fails.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood